928 F.2d 407
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Louis W. SMITH, Plaintiff/Appellant,
v.
Anthony M. FRANK, Postmaster General of the United States,
Defendant/Appellee.
 No. 90-1666.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1991.*
Decided March 14, 1991.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 89 C 467, John C. Shabaz, Judge.
 W.D.Wis.
 AFFIRMED.
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Louis Smith, contending that his employer discriminated against him because of his sex, brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e, et seq. We affirm the district court's grant of summary judgment in favor of the defendant.
 
 I. Background
 A. Facts
 
 2
 The following facts are not contested. Smith began his employment with the Postal Service in 1967. Currently, Smith is the superintendent of postal operations at the Rhinelander Post Office. He has held that position since 1977.
 
 
 3
 In 1986 the death of the Rhinelander Postmaster created a vacancy for that position. Postal Service regulations govern the procedures for selection of a new postmaster. Pursuant to the regulations the Division[1] appointed a review committee to recommend candidates for the position to the selecting official, Evajon Sperling ("Sperling"). After interviewing seven candidates, including the plaintiff, and considering their applications (PS Form 991), the review committee recommended two males, Wilfred Gorke and Paul Trybom, and one female, Darlyn Jackson ("Jackson"), to Sperling as best qualified for the position.
 
 
 4
 Even though the committee did not recommend the plaintiff for the position, Sperling was required by postal regulations to consider him for the job because he was the "local eligible" at the Rhinelander office.[2] Accordingly, Sperling interviewed the three recommended candidates and the plaintiff on February 19, 1987. Sperling recommended Jackson for the job to Richard Beranek ("Beranek"), the Field Division Manager and individual responsible for the final decision on promotion. Beranek appointed Jackson to the position of postmaster on April 13, 1987.
 
 II. Analysis
 B. Framework
 1. Summary Judgment
 
 5
 This Court reviews de novo the district court's decision to grant summary judgment. Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1188 (7th Cir.1990). Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if ... there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Trautvetter v. Quick, 916 F.2d 1140, 1147 (7th Cir.1990) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)). The non-moving party must affirmatively demonstrate by specific factual allegations that a genuine material fact exists for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). We review the record and all reasonable inferences drawn therefrom in the light most favorable to the non-movant. Randle v. LaSalle Telecommunications Inc., 876 F.2d 563, 567 (7th Cir.1989).
 
 2. Title VII Disparate Treatment Claim
 
 6
 Absent direct evidence of discrimination, in a Title VII disparate treatment case the plaintiff must first establish by a preponderance of the evidence a prima facie case of discrimination. Heerdink v. Amoco Oil Co., 919 F.2d 1256, 1258 (7th Cir.1990) (citations omitted). Once the plaintiff establishes a prima facie case, an inference of discrimination arises and the employer can successfully rebut this inference by articulating a legitimate, nondiscriminatory reason for its action. Id. Then, the plaintiff is given the opportunity to show that the defendant's proffered reason was really a pretext for discrimination. Id at 1261. Ultimately, the plaintiff must prove that the employer's discriminatory intent was the "but for" cause of the employer's action. Id. at 9-10.
 
 
 7
 In this case, the district court's decision that the plaintiff established a prima facie case is not questioned. The district court found that the defendant articulated legitimate non-discriminatory reasons for not promoting Smith to the position of Rhinelander Postmaster, namely that Smith was not the best qualified for the job and that he performed poorly during his interview. The plaintiff does not contest the district court's finding that the defendant's reasons, if true, constituted legitimate reasons for not promoting him to the job. Thus, the plaintiff was required to demonstrate that the employer's reasons were a pretext for discrimination.
 
 3. Pretext
 
 8
 Beranek stated in his declaration that he chose Jackson for the job because she was the best qualified candidate for the position. Beranek based his decision on the "promotion package,"[3] Jackson's status as a recommended candidate, and Jackson's experience as a postmaster general of a lower level office compared with the plaintiff's lack of such experience. The plaintiff does not directly attack Beranek's reasons as pretextual and the record is devoid of any evidence of improper motivation on the part of Beranek in not promoting the plaintiff to the position.
 
 
 9
 The only evidence plaintiff offers challenging Bernak's motivation for not promoting the plaintiff is that the plaintiff was better qualified for the position and that Sperling, whose motives were allegedly improper, influenced the entire review process and Bernak's ultimate decision to appoint Jackson. Smith does not allege that Jackson is not qualified for the position. As such, a determination of whether Smith was more qualified for the job than Jackson would require a comparative weighing of Smith's and Jackson's qualifications for the position. However, the courts "do not sit as a super-personnel department" or "determine whether the employer exercised prudent business judgment." Heerdink, 919 F.2d at 1260 (citations omitted).
 
 
 10
 Moreover, the record does not support Smith's contention that he was better qualified for the job than Jackson. The review committee interviewed seven candidates and Smith for the position. Smith was not one of the three individuals recommended as best qualified for the job by the review committee. Additionally, two of the three members of the review committee stated that they did not recommend the plaintiff for the job because he appeared nervous, agitated and defensive during his interview. Sperling stated that she did not recommend Smith for the job because of his poor interview and what she perceived as poor past performance with the postal service.[4] Even if it were true, as the plaintiff argues, that Sperling and the review committee were mistaken regarding his past work record, this would not preclude summary judgment. This circuit has held that an employer's honestly held mistaken belief does not automatically constitute pretext. Pollard v. Rea Magnet Wire Co., Inc., 824 F.2d 557, 559 (7th Cir.1987), cert. denied, 488 U.S. 977 (1987). Here, Smith offers no evidence demonstrating that Sperling intentionally falsified Smith's evaluation regarding past performance. If anything, Smith's evidence on this point only reveals that Sperling's beliefs regarding his past work record were mistaken. Additionally, there is no evidence in the record showing that the review committee's belief regarding his past work experience was not genuinely held.
 
 
 11
 Smith points to the following evidence to support his contention that the review process was tainted and that the employer's motivation for not promoting him was based on gender: (1) Sperling "groomed" Jackson for the job in order to fill the vacancy with a woman by placing her in short term job positions to dress up her resume and by allowing Jackson to correct the errors in her PS 991 application form,[5] and (2) the presence of Sperling's direct appointee (employee), Gene Goodwin, on the review committee allowed Sperling to influence and control the entire evaluation process. This evidence fails to provide any factual basis for arguing that the employer's proffered reason was a pretext for discrimination. To support the above allegations Smith relies on speculative statements and assertions of belief. For example, the plaintiff submits statements of other postal employees expressing their opinion that Jackson was being groomed for the job and that Goodwin was unduly influenced by Sperling. This "evidence" does nothing to further Smith's assertions that the postal service's reasons were pretextual. See Friedel v. Madison, 832 F.2d 965, 972 (7th Cir.1987). Smith's speculation that he would have performed better in his interview had the evaluation process not been tainted is likewise without merit.
 
 
 12
 Finally, plaintiff's claim fails because he did not offer any evidence that he would have been promoted "but for" his gender. Heerdink, 919 F.2d at 1261. Smith must show that he would have been promoted "but for" his employer's motive to discriminate against him because of his sex. Id. Even when viewing the evidence in the light most favorable to the plaintiff, as we must, it does not reveal that sex was a factor in the employer's decision not to promote Smith. There is no evidence in the record even suggesting gender discrimination. Rather, the evidence reveals that Smith did not receive the promotion because he was not considered one of the best qualified candidates for the job and he performed poorly during his interview. Even if Jackson had not been selected, two other candidates (both male) were recommended to Sperling as better qualified than Smith.
 
 III. Conclusion
 
 13
 Plaintiff's evidence fails to demonstrate either direct or indirect evidence of gender discrimination. Accordingly, we AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Postal service management is divided into five regions. Each region is divided into Divisions. The Division is responsible for appointing review committee members
 
 
 [2]
 A "local eligible" is a career employee at the vacancy post office who possesses the basic qualifications for the vacant position
 
 
 [3]
 The "promotion package" consisted of the recommendations of the review committee and Sperling, and the applications and evaluations of the three recommended candidates and Smith
 
 
 [4]
 Postal regulations required Smith to obtain evaluations from his immediate supervisor and his next higher level manager. Sperling, because she was Smith's manager, reviewed and signed Smith's PS 991 form. In signing Smith's PS 991 form, Sperling included her concerns regarding delayed mail and laxity of supervision at the Rhinelander Post Office. She stated that she attributed such failures to Smith because as the Rhinelander superintendent of postal operations he possessed substantial responsibility of office conditions. Smith argues that Sperling falsified the evaluation given to the review committee because the alleged failures occurred during his absence from the Rhinelander office
 
 
 [5]
 Smith argues that allowing Jackson to correct errors in her PS 991 application violated postal policies. However, even assuming that Sperling violated a regulation, such a violation does not "per se" demonstrate that Smith's employer discriminated against him based on his gender. Friedel, 832 F.2d at 974